Damian J. Martinez (SBN # 200159)
Michael Newborn (SBN # 305929)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4400; Facsimile: (424) 738-5080
E-mail: *dmartinez@leechtishman.com*
*mnewborn@leechtishman.com*

Attorneys for Defendants Carl Cardinalli,
Joe Curtis, and Bighorn Golf Club

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>*Ex rel.* RELATOR LLC, a California limited liability company,<br><br>Relator,<br><br>vs.<br><br>CARL CARDINALLI, an individual, JOE CURTIS, an individual, BIGHORN GOLF CLUB, a California nonprofit corporation, and DOES 1-10,<br><br>Defendants. | Case No.: 5:23-cv-00113-HDV-DTB<br><br>Assigned to Hon. Hernan D. Vera<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Action Filed: January 23, 2023<br><br>Hearing Date: December 16, 2025<br>Time: 10:00 a.m.<br>Location: First Street Courthouse, 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, California 90012<br><br>[Filed concurrently with Notice of Motion, Memorandum of Points and Authorities, Declaration of Michael Newborn, and [Proposed] Order] |

**I. INTRODUCTION**

Pursuant to Federal Rule of Evidence 201(b), Defendants Carl Cardinalli, Joe Curtis, and Bighorn Golf Club ("Defendant") respectfully submit this Request for Judicial Notice in support of their Motion to Dismiss the Complaint. The documents referenced are attached as exhibits to the concurrently filed Declaration of Michael Newborn ("Newborn Declaration"). Each document is a matter of public record, contains facts that are generally known within this jurisdiction or can be accurately and readily verified, and is not subject to reasonable dispute. As such, they are appropriate for judicial notice.

The documents attached as Exhibits A through H to the Newborn Declaration are as follows:

1. Exhibit A: The PPP loan information for Defendant obtained from the U.S. Small Business Administration webpage found at https://data.sba.gov/dataset/ppp-foia (last accessed July 21, 2025) and clicking on the Excel file "public_150k_plus_240930" and scrolling down to row 37794.

2. Exhibit B: A government website that published the interim final rule titled, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, issued by the Small Business Administration on April 15, 2020, publicly available at: https://www.federalregister.gov/documents/2020/04/15/2020-07672/business-loanprogram-temporary-changes-paycheck-protection-program.

3. Exhibit C: The PPP borrower information for Defendant obtained by searching "Bighorn Golf Club" on a webpage titled "Tracking PPP" on the ProPublica.Org website (last accessed June 26, 2025). This webpage is publicly available at: https://projects.propublica.org/coronavirus/bailouts/loans/bighorn-golf-club-3903717109.

4. Exhibit D: An article on Forbes.com written by Ellen Paris on June 17, 2019, titled "How Bighorn Golf Club Maintains A Five-Star Lifestyle For Its Members." This article is publicly available at https://www.forbes.com/sites/ellenparis/2019/06/17/bighorn-golf-club-a-five-star-lifestyle-evolved-from-a-vision/ (last accessed June 26, 2025).

5. Exhibit E: The Articles of Incorporation for Relator LLC, filed with the California Secretary of State by Organizer Anoush Hakimi on May 31, 2022. This document is publicly available by searching "Relator LLC" at https://bizfileonline.sos.ca.gov/search/business.

6. Exhibit F: Relator LLC's Statement of Information dated February 22, 2024 filed with the California Secretary of State, publicly available at https://bizfileonline.sos.ca.gov/search/business.

7. Exhibit G: Anoush Hakimi's profile on the State Bar of California's website (last accessed June 26, 2025). This webpage is publicly available at: https://apps.calbar.ca.gov/attorney/Licensee/Detail/228858.

8. Exhibit H: Relator LLC's Amended Complaint in *United States ex rel. Relator LLC v. Steven Sunshine et al.*, No. 8:23-cv-00134-JVS-ADS (C.D.C.A. July 30, 2025).

## II. LEGAL STANDARD

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute where they (1) are "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Courts may take judicial notice of "undisputed matters of public record." *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Public records, including "documents on file in federal or state courts," are proper subjects of judicial notice. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Similarly, "documents available on government websites" may also be judicially noticed. *Jarvis v. JP Morgan Chase Bank, N.A.*, 2010 WL 2927276, at *1 (C.D. Cal. July 23, 2010).

## III. ARGUMENT

### A. The Court May Take Judicial Notice of Exhibit A

Exhibit A contains PPP borrower information for Defendant Bighorn Golf Club, obtained

through a borrower search on www.PandemicOversight.gov. This website is operated by the Pandemic Response Accountability Committee, a federal entity established under Section 15010(b) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act as part of the Council of Inspectors General on Integrity and Efficiency. The Committee was created to "conduct and support oversight" of the federal government's response to the COVID-19 pandemic. *CARES Act*, Pub. L. No. 116-136, 134 Stat. 281 (2020).

Another court has taken judicial notice of the same PPP borrower information, finding that the results of a borrower search on PandemicOversight.gov are not subject to reasonable dispute because they "contain facts that can 'accurately and readily be determined from [a] source[] whose accuracy cannot reasonably be questioned,'" namely, an official government website. *United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-cv-00924-TLNCDB, 2024 WL 3666470, at *3 n.2 (E.D. Cal. Aug. 6, 2024) (judicially noticing PPP borrower data from PandemicOversight.gov on the grounds that it is a government-run website whose accuracy is not reasonably disputable) (citation omitted). *See also Daniels–Hall v. National Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information from school district websites because they are government sources and neither party challenged the authenticity or accuracy of the data); *Order Granting Motion to Dismiss with Leave to Amend* at 4 n.1, *United States ex rel. Relator LLC v. Lim*, No. 3:22-cv-04715-AGT (N.D. Cal. Apr. 23, 2025), ECF No. 51 (taking judicial notice of information from PandemicOversight.gov). Accordingly, judicial notice of Exhibit A is appropriate.

**B. The Court May Take Judicial Notice of Exhibit B**

Exhibit B is a government website publicly available at https://www.federalregister.gov/documents/2020/04/15/2020-07672/business-loanprogram-temporary-changes-paycheck-protection-program, which contains the text of an interim final rule titled, "Business Loan Program Temporary Changes; Paycheck Protection Program," 85 Fed. Reg. 20,811, issued by the SBA on April 15, 2020. Exhibit B is not subject to reasonable dispute because it consists of excerpts from government websites. *See, e.g., Latiff v. Nestle USA Inc.*, No

2:18-cv-06503-ODW (JPRx), 2019 WL 4544544, at *2 (C.D. Cal. Sept. 19, 2019) (taking judicial notice of exhibits "from a government website"); *Molina v. Washington Mut. Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *3 (S.D. Cal. Jan. 29, 2010) ("Information on government agency websites has often been treated as properly subject to judicial notice"); *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp.2d 1022, 1024 (N.D. Cal. 2005) (taking judicial notice of information posted on a Department of Health and Human Services web site). Accordingly, the Court may take judicial notice of Exhibit B.

**C. The Court May Take Judicial Notice of Exhibits C and D**

Exhibit C is a webpage from investigative journalism website ProPublica.org, publicly available at https://projects.propublica.org/coronavirus/bailouts/loans/bighorn-golf-club-3903717109. Exhibit D is a webpage from news website Forbes.com, publicly available at https://www.forbes.com/sites/ellenparis/2019/06/17/bighorn-golf-club-a-five-star-lifestyle-evolved-from-a-vision/. A court may take judicial notice of publicly available newspaper and magazine articles, as well as web pages to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotation marks omitted); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F.Supp.3d 1011, 1029 (C.D. Cal. 2015) ("[T]o the extent the court can take judicial notice of press releases and news articles, it can do so only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." (internal quotation marks omitted). Accordingly, the Court may take judicial notice of Exhibits C and D.

**D. The Court May Take Judicial Notice of Exhibits E and F**

Exhibit E is the Articles of Incorporation for Relator LLC, filed with the California Secretary of State by Anoush Hakimi on May 31, 2022. Exhibit F is a Statement of Information, dated February 22, 2024, filed by Relator LLC with the California Secretary of State. These exhibits are undisputed matters of public record and thus are properly subject to judicial notice. *Maxon v. Fuller Theological Seminary*, 549 F. Supp. 3d 1116, 1122 (C.D. Cal. 2020) (taking

judicial notice of articles of incorporation that "are a public record taken from the website of the office for the Secretary of State of California"); s*ee also U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (a court "may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment"); G*alindo v. Ocwen Loan Servicing, LLC*, 282 F. Supp. 3d 1193, 1198 (N.D. Cal. 2017) (holding that matters of public record are appropriate subjects for judicial notice); *Singleton v. Volunteers of Am*., 2013 WL 5934647, at *2 (N.D. Cal. Nov. 4, 2013) (taking judicial notice of defendant's articles of incorporation). Accordingly, the Court may take judicial notice of Exhibits E and F.

**E. The Court May Take Judicial Notice of Exhibit G**

Exhibit G is the attorney profile of Anoush Hakimi found on the State Bar of California website. The State Bar of California is an arm of the California Supreme Court and authorized with licensing and regulating the profession of law in the state of California. This exhibit is not subject to reasonable dispute because it consists of an excerpt from a government website. *See, e.g., Latiff v. Nestle USA Inc*., No 2:18-cv-06503-ODW (JPRx), 2019 WL 4544544, at *2 (C.D. Cal. Sept. 19, 2019). It is also "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965-66 (C.D. Cal. 2005) (taking judicial notice of Amazon web pages). Accordingly, the Court may take judicial notice of Exhibit G.

**F. The Court May Take Judicial Notice of Exhibit H**

Exhibit H is Relator LLC's Amended Complaint in *United States ex rel. Relator LLC v. Steven Sunshine et al.*, No. 8:23-cv-00134-JVS-ADS (C.D.C.A. July 30, 2025). Pursuant to Federal Rule of Evidence 201(b)(1), a court may take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction" and that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A pleading found on the docket of the Central District of California constitutes a matter generally known within the trial court's territorial jurisdiction and is part of the public court record, making it a source that cannot

reasonably be questioned. *Id.*; *U.S. v. Wilson*, 631 F.2d 118 (9th Cir. 1980). Accordingly, the Court may take judicial notice of Exhibit H.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through H to the Newborn Declaration.

DATED: November 4, 2025

LEECH TISHMAN NELSON HARDIMAN, INC.

By: <u>*/s/ Damian J. Martinez*</u>
Damian J. Martinez
Attorneys for Defendants Carl Cardinalli, Joe Curtis, and Bighorn Golf Club