Damian J. Martinez (SBN # 200159)
Michael Newborn (SBN # 305929)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4400; Facsimile: (424) 738-5080
E-mail: *dmartinez@leechtishman.com*
*mnewborn@leechtishman.com*

Attorneys for Defendants Carl Cardinalli, Joe Curtis, and Bighorn Golf Club

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>*Ex rel.* RELATOR LLC, a California limited liability company,<br><br>Relator,<br><br>vs.<br><br>CARL CARDINALLI, an individual, JOE CURTIS, an individual, BIGHORN GOLF CLUB, a California nonprofit corporation, and DOES 1-10,<br><br>Defendants. | Case No.: 5:23-CV-00113-HDV-DTBx<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Action Filed: January 23, 2023<br><br>Hearing Date: January 8, 2026<br>Time: 10:00 a.m.<br>Dept.: First Street Courthouse, 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, California 90012 |

Defendants Carl Cardinalli, Joe Curtis, and Bighorn Golf Club ("Defendant Bighorn") (collectively, "Defendants") hereby submit their Reply in Support of their Motion to Dismiss the Amended Complaint ("Motion") filed by Relator LLC ("Relator"), as follows:

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Relator's Opposition once again fails to rebut the simple fact that this is the quintessential example of an FCA case precluded by the Public Disclosure Bar. Relator does not dispute that the information underlying the FCA claim originates from the federal government itself (PandemicOversight.gov and SBA.gov) and news media (ProPublica.org and Forbes.com). Nor does Relator claim any connection to Defendants through which it could have obtained non-public information.

Instead, Relator argues that it qualifies as an original source based on an inference of fraud it purportedly drew from publicly disclosed facts already known to the government. *See, e.g.*, Opposition at p. 1. In doing so, Relator has summarily ignored the Court's finding in its September 15, 2025 Order (the "Order") that the inference of fraud "naturally follows" from the publicly available sources. Order at p. 7.

Indeed, Ninth Circuit law is clear that the public disclosure bar does not require "an explicit '*allegation' of fraud*" in the prior disclosures." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016) (quoting *Hagood v. Sonoma County Water Agency*, 81 F.3d 1465, 1473 (9th Cir. 1996)) (emphasis added). Rather, where "the material elements of the allegedly fraudulent transaction are disclosed in the public domain," the public disclosure bar applies. *A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1243 (9th Cir. 2000). This is why this Court and sister courts have repeatedly found, *concerning Relator,* that its "inference of fraud" from publicly available sources falls short. Cf. *United States of America et al v. Steven Sunshine et al.*, Case No. 8:23-CV-00134 (C.D. Cal. June 30, 2025); *United States ex rel. Relator LLC v. Kellog*, No. 23-cv-118-CAB-BLM, 2025 WL 897439 (S.D. Cal. March 24, 2025) ("Kellog").

Despite all this, Relator asks this Court to disregard its own prior Order, the plain language of the Public Disclosure Bar (31 U.S.C. § 3730(e)(4)(A)), and the consistent decisions of courts in this District and its sister districts, which have granted motions to dismiss virtually identical FCA actions brought by this same false "relator." *Id.* Instead, Relator urges the Court to adopt a Public

Disclosure Bar standard of its own invention—namely, that the bar applies only if all publicly available information appears in a single source. Opposition at 1. As explained in the Motion, and as explicitly found by this Court in its previous Order, this is not the standard under the statute or Ninth Circuit law. Rather, according to the Court, "The FCA does not reward mere compilation of public records. *United States v. Allergan*, Inc., 46 F.4th 991, 994 (9th Cir. 2022) (explaining that the bar exists to prevent actions by those with no significant information of their own to contribute)." Order at p. 8. In sum, Relator's argument fails because its invented standard is contrary to this Court's precedent and controlling law of this Circuit.

Even setting aside the Public Disclosure Bar, Relator still cannot explain how Defendants could possess the necessary scienter for an FCA action when the rule rendering Defendant Bighorn ineligible for a PPP loan was issued *after* the loan application had already been submitted. The scienter for a FCA action is "knowledge"—not clairvoyance. Relator also fails to identify in its FAC who at Defendant Bighorn actually prepared and filed the loan application, offering only speculation that Defendants Cardinalli and/or Curtis must have been involved or approved of the loan application based solely on their roles as officers. Such conjecture is insufficient as a matter of law to state a claim or to implicate them personally. *See United States v. Kiewit Pac. Co.*, 41 F.Supp.3d 796, 810 (E.D. Cal. 2014).

Finally, Relator offers no response to the indisputable fact that its generic allegations regarding the purported lack of economic necessity and misuse of loan proceeds are conclusory and plainly copied from its boilerplate FCA complaints against other clubs. Relator's assumptions about Defendant Bighorn's finances, its members' finances, and the use of loan proceeds fall far short of satisfying Rule 9(b)'s heightened pleading standard for fraud. Lacking any firsthand knowledge about Defendants, Relator can allege no concrete facts to support these unduly speculative theories.

No potential amendment will avoid mandatory dismissal under the Public Disclosure Bar and the 9(b) pleading standard. Rather, this case is common to the complaints filed by Relator against other private clubs, such as Shady Canyon Golf Club (*United States of America et al v.*

*Steven Sunshine et al.*, Case No. 8:23-CV-00134 (C.D. Cal. June 30, 2025) and the La Jolla Tennis Club (*Kellog*), which were dismissed for this very reason. Defendants respectfully request that the Court likewise dismiss this case.

## II. ARGUMENT

### A. Relator's Opposition Again Fails to Rebut the Arguments and Well-Established Authorities Cited in Defendant's Motion that This Case is Barred by the Public Disclosure Bar

#### 1. <u>The Public Disclosure Bar Precludes This Case</u>

As explained in the Motion, the First Amended Complaint ("FAC") cannot cure the defects in the original complaint, foremost among them that Relator lacks any firsthand, non-public information to support an FCA claim. Nevertheless, Relator asserts that "Defendants do not point to any public disclosure of "facts from which fraud can be inferred."" Opposition at p. 1. This is a perplexing statement given that Relator admits that PandemicOversight.gov and ProPublica.org—both cited in Defendants' Motion—placed the government on notice of all the relevant details concerning Defendant Bighorn's PPP loan. *Id.* Relator nevertheless argues that these sources supply only the "X" in the *Mateski* framework, but not the "Y"—namely, that Defendant Bighorn is a private club and therefore allegedly ineligible for the loan. *Id.* Not so. Relator seems to ignore the *Forbes.com* news article cited in the Motion fills in the "Y" regarding Defendant Bighorn being a private club that limits membership for reasons other than capacity. In doing so, Relator again attempts to relitigate the Court's prior ruling that these publicly available sources cited by Defendants *do* provide the "X" and "Y" from which the "Z" of fraud "naturally follows." Order at p. 7.

To avoid this fatal conclusion, Relator attempts to invent its own standard for application of the Public Disclosure Bar. Relator repeatedly asserts—without support—that the bar applies only where all publicly available facts are disclosed in a *single* source. Opposition at pp. 1, 7. To support this fabricated standard, Relator cites *Silbersher v. Valeant Pharm. Int'l, Inc.*, 89 F.4th 1154, 1167-68 (9th Cir. 2024). Opposition at pp. 1, 8-9. Relator, however, disregards that

following a petition for rehearing, the Ninth Circuit amended its opinion in *Silbersher* to make clear—consistent with long-standing Ninth Circuit authority—that the Public Disclosure Bar applies so long as separate public disclosures, when combined, present the complete picture of the alleged fraud (i.e., both the X and the Y). *Silbersher*, 89 F. 4th at 1168. *Silbersher*, in short, is fully aligned with Ninth Circuit law.

The Court already addressed and rejected this argument in its previous Order: "Relator attempts to resist this conclusion by arguing that the disclosures did not explicitly allege "suspicions of fraud" within one source." Order at p. 7. As the Court explained, the relevant inquiry is not whether one source expressly alleged fraud, but whether the publicly available materials, taken together, disclosed the essential elements of the alleged fraudulent transaction." *Id.* at pp. 6, 8; *see also United States v. Cath. Healthcare W.*, 455 F.3d 1147, 1151 (9th Cir. 2006) ("the misrepresented states of facts" (the X) and the "true state of facts" (the Y) may be disclosed piecemeal through multiple sources); *United States v. Allergan*, Inc., 46 F.4th 991, 999 (9th Cir. 2022) (same).

2. <u>Relator is Not an Original Source</u>

Under the FCA's Public Disclosure Bar, if a relator files an FCA case that is substantially based on publicly disclosed facts or transactions, the Court *must* dismiss the complaint. 31 U.S.C. § 3730(e)(4)(A). The sole exception applies when the relator can demonstrate that it qualifies as an "original source." *Id.* at 31 U.S.C. § 3730(e)(4)(B). Nowhere in the FAC or the Opposition does Relator even try to argue it has any connection to Defendants or unique access to information that would avoid a mandated dismissal under the Public Disclosure Bar. Instead, Relator claims that "there is no requirement in the FCA that a relator be an insider. The only requirement is that the relator bring forward 'genuinely valuable information.'" Opposition at p. 6. Yet even under Relator's own standard, it does not qualify as an original source, as it has not brought forward genuinely valuable information; rather, it brought forward *publicly available information* published by the government itself (PandemicOversight.gov and SBA.gov) and news media (ProPublica.org and Forbes.com).

Moreover, this Court and its neighboring districts have already concluded that this particular relator does not qualify as an original source for these types of FCA cases. Order at p. 8 ("The FCA does not reward mere compilation of public records. *Allergan*, 46 F.4th at 994 (explaining that the bar exists to prevent actions by those with no significant information of their own to contribute)"; *see also, United States of America et al v. Steven Sunshine et al.*, Case No. 8:23-CV-00134 (C.D. Cal. June 30, 2025) (ruling that Relator's complaint should be dismissed based upon the "public disclosure bar" provisions of the FCA); *United States ex rel. Relator, LLC v. Kootstra*, No. 1:22-cv-00924-TLN-CDB, 2024 WL 3666470 (E.D. Cal. Aug. 6, 2024) (same); *Kellog* at *3 (same).

### B. Relator Fails to Rebut that its Speculative Allegations Concerning the Lack of Economic Necessity Fail to Meet the Heightened 9(b) Pleading Standard

The Opposition similarly fails to refute any of the arguments in the Motion concerning Defendant Bighorn's alleged lack of economic necessity for the loan. For example, Relator fails to explain how, at the very outset of the COVID-19 pandemic—amid unprecedented governmental shutdowns, stay-at-home orders, and declarations of a global public health emergency—Defendants could have predicted with certainty that the pandemic would have no economic impact on Defendant Bighorn. Nor does Relator allege any specific facts regarding Defendant Bighorn's actual financial condition or that of its members at the time the loan application was submitted.

Moreover, under the PPP statute, all that was required was "a **good faith** certification . . . that the uncertainty of current economic conditions makes necessary the loan request to support the ongoing operations of the eligible recipient." 15 U.S.C. § 636(a)(36)(G)(i) (emphasis added). Relator offers no response as to how Defendants failed to satisfy this minimal, subjective standard, which required only a reasonable belief that the pandemic created economic uncertainty. This omission is particularly glaring given that it is undisputed Defendant Bighorn applied for the PPP loan in late March or early April 2020—less than two weeks after sweeping shutdown mandates and public health declarations, during a period of extraordinary and unprecedented uncertainty.

Rather than addressing these arguments, Relator devotes only a single paragraph to

reiterating a conclusory assertion that there was no economic necessity for the loan. Opposition at pp. 11-12. This bare assertion amount to vague and speculative conjecture about Bighorn's financial condition and, at most, suggest the mere possibility of misconduct, which is insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) and Rule 9(b)'s heightened pleading standard. As stated in the Motion, which is likewise unaddressed by the Opposition, the Court in *United States ex rel. Relator LLC v. Baxter*, No. 23- cv-00336-WHO, 2025 WL 1343076 (N.D. Cal. May 8, 2025) already rejected these identical allegations by Relator and dismissed the case with prejudice.

Ultimately, Relator cannot overcome the fundamental deficiency that the FAC pleads no concrete facts showing that Defendant Bighorn lacked economic necessity at the time of its PPP application. Given the timing of the loan application, the uncertain conditions created by the global pandemic, and the statutory good-faith standard, Relator's insistence that the certification was false—without alleging a single material fact about Defendant's Bighorn's financial condition—strains credulity and fails as a matter of law.

Finally, even assuming that Relator's vague and speculative characterization of Defendant Bighorn and its members' wealth could support an additional inference regarding Defendant Bighorn's financial condition at the time of its PPP loan application in late March or early April 2020, that information was already publicly disclosed. The *Forbes.com* article (Exhibit D to Motion) publicly disclosed the general wealth of Defendant Bighorn and its membership. Accordingly, the government has long been on notice from publicly available sources that Defendant Bighorn supposedly lacked economic necessity for the PPP loan.

### C. Relator Cannot Rebut that its Speculative Allegations Concerning the Use of the Loan Proceeds Fails to Meet the Heightened 9(b) Pleading Standard

The Opposition likewise fails to rebut that the FAC alleges no facts supporting its bare assertion that Defendant Bighorn misused its PPP loan proceeds. Because Relator is not an original source and appears to have recycled boilerplate allegations from its other FCA actions against clubs, it has no knowledge of how Defendant Bighorn actually used the loan funds. Indeed, Relator

pleads no factual allegations identifying any specific use of the loan proceeds for purposes prohibited under the PPP program. As explained in the Motion, such conclusory allegations—untethered to any factual basis—are insufficient under *Twombly*, *Iqbal*, and Rule 9(b)'s heightened pleading standard.

To avoid this conclusion, the Opposition argues that *any* use of the loan proceeds—even for purposes authorized by statute—was impermissible since Defendant Bighorn was categorically ineligible to receive the loan in the first place. Opposition at p. 12. Thus, the Opposition concedes that Relator does not know how Defendants used the loan proceeds, and Relator's claim concerning the alleged false use-of-proceeds certification is derivative of the alleged false eligibility certification. But for the reasons discussed, the FAC's failure to plausibly allege a false eligibility certification necessarily defeats its derivative use-of-proceeds claim.

**D. Relator's FAC Fails to Sufficiently Allege Scienter**

Even apart from the Public Disclosure Bar, Relator fails to plead scienter, which the FCA requires to be "rigorous." *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 192 (2016). It is undisputed that Bighorn's PPP loan was approved on April 12, 2020—before the April 15, 2020 rule disqualifying certain private clubs took effect. The Opposition offers no explanation for how Defendants could have knowingly violated a rule that did not yet exist, or how Bighorn could have obtained a PPP loan from a sophisticated lender if it was plainly ineligible at the time of application.

Relator similarly fails to allege any facts "that [Defendant Bighorn] knew that its statements were false, or that it was deliberately indifferent to or acted with reckless disregard of the truth of the statements." *United States v. Corinthian Colls*., 655 F.3d 984, 996 (9th Cir. 2011). Relator's reliance on *United States ex rel. Craig v. Hawthorne Machinery Co.* is misplaced, as that case involved detailed allegations of altered payroll records and knowing misrepresentations—facts entirely absent here. Opposition at p. 13. Indeed, this case more closely resembles *United States ex rel. Durkin v. County of San Diego*, where vague and conclusory assertions of knowledge were held insufficient to plead scienter. *United States ex rel. Durkin v. County of San Diego*, 300

F.Supp.3d 1107, 1129 (S.D. Cal. 2018).

Relator's fallback argument that Defendants acted recklessly fares no better. Opp. at 14. Recklessness requires allegations that Defendants were conscious of a substantial risk that their claims were false and submitted them anyway. *United States. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 751 (2023); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Given the timing of the application, the lack of any factual allegations concerning Defendants' scienter, and the unprecedented uncertainty created by the pandemic, Relator cannot plausibly allege that Defendants acted recklessly in applying for the loan.

**E. The Allegations Against Defendants Cardinalli and Curtis Remain Insufficient**

The Opposition similarly cannot salvage Relator's claims against Defendants Cardinalli and Curtis. Although the Opposition attempts to bolster the FAC by asserting for the first time that both individuals "submitted—or knowingly and willfully caused to be submitted" the PPP loan application, Relator may not amend its complaint through an opposition brief.. Fed. R. Civ. P. 12(b)(6); *Americopters, LLC v. F.A.A.*, 441 F.3d 726, FN 4 (9th Cir. 2006). Moreover, this added allegation is of no help to Relator, as it remains speculative regarding the individual defendants' roles, alleging only in the alternative that they either collectively submitted the application or merely approved its submission. Opposition at p. 2.

Setting aside the improper new allegations, Relator cannot dispute that the FAC itself is devoid of facts explaining who prepared the PPP loan application, who decided to seek the loan, or who specifically authorized its submission. The FAC does not allege which—if either—of Defendants Cardinalli or Curtis had any actual involvement in the loan process. Rather, Relator employs a "kitchen sink" approach to pleading, speculating that Defendants Curtis and Cardinalli collectively either "falsely certified—or approved the false certification" and that as executives they were aware or "should have been aware" of the company's alleged ineligibility for a PPP loan. FAC, at ¶¶ 43, 3. . FAC at ¶ 3.

Such speculative allegations, pleaded in the alternative, and which lump together all defendants, are precisely the type of conclusory, hindsight-based assertions that courts routinely reject in FCA cases. *See Adomitis ex rel. United States v. San Bernardino Mountains Cmty. Hosp. Dist.*, 816 F. App'x 64, 66-67 (9th Cir. 2020) (scienter allegation that senior officials "must have known" of fraud was "too vague and conclusory"); *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."). Accordingly, Defendants Cardinalli and Curtis should be dismissed from this case.

## III. CONCLUSION

For all of the foregoing reasons, the Motion should be granted and the Court should dismiss this case with prejudice.

DATED: December 24, 2025

LEECH TISHMAN NELSON HARDIMAN, INC.

By: <u>*s/ Damian J. Martinez*</u>
Damian J. Martinez
Michael Newborn
Attorneys for Defendants Carl Cardinalli, Joe Curtis, and Bighorn Golf Club

**PROOF OF SERVICE OF DOCUMENT**

**Case No. 5:23-cv-00113-HDV-DTB**
**United States of America et al v. Carl Cardinalli et al**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to this action. My business address is Leech Tishman Nelson Hardiman, Inc., 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024.

On December 24, 2025, I served the attached documents described as:

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TODISMISS THE AMENDED COMPLAINT**

☒ **Via Notice of Electronic Filing (NEF):** Pursuant to controlling General Orders and Local Rules, the foregoing documents will be served by the court via NEF and hyperlink to the document. On (date) December 24, 2025, I checked the CM/ECF docket for this district court case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kathryn Lee Boyd** lboyd@hechtpartners.com, dockets@hechtpartners.com
- **Aaron Kollitz** aaron.kollitz@usdoj.gov, usacac.civil@usdoj.gov, caseview.ecf@usdoj.gov, connie.hom@usdoj.gov
- **Kristen Leigh Nelson** knelson@hechtpartners.com, dockets@hechtpartners.com
- **Kathryn Lee Boyd** lboyd@hechtpartners.com, dockets@hechtpartners.com
- **Charles F. Dender** cdender@dicellolevitt.com, ekerrane@dicellolevitt.com
- **Michael D Newborn** mnewborn@leechtishman.com, jstieglitz@nelsonhardiman.com, tfrazier@nelsonhardiman.com, mmarkwell@nelsonhardiman.com

☐ **Via Personal Delivery, Overnight Mail, Facsimile Transmission or Email (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling Local Rules, on December 24, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email

as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ *(Federal)* – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| Matthew J. Mocciaro | December 24, 2025 | */s/ Matthew J. Mocciaro* |
| Name | Date | Signature |